{¶ 30} The majority finds appellee attached no evidence in support of his motion for summary judgment. Civ. R. 56 (B) provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sougt may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action . . ."
 {¶ 31} The moving party must point to some evidence in the record which demonstrates the non-moving party cannot support its claim, Vahilla, supra. The moving party need not submit its own evidence but may rely on anything in the record, including the opposing party's evidence.
 {¶ 32} The trial court had before it appellee's motion for summary judgment and a copy of the court's pretrial order. The order required appellant to identify all witnesses by April 29. The order stated if a witness is not identified, he or she will not testify.
 {¶ 33} In response, appellant filed his affidavit and medical records, verified by his attorney's affidavit stating the records are accurate copies of ones received from the hospital, and Dr. Bugay's report.
 {¶ 34} Civ. R. 56 (E) requires opposing affidavits to be made on personal knowledge and shall affirmatively show the affiant is competent to testify as to the matters stated in the affidavit.
 {¶ 35} In order to be admissible evidence as the affidavit of an expert witness, Dr. Bugay's affidavit must comply with R.C.2743.43:
 {¶ 36} "No personal shall be deemed competent to give expert testimony on the Liability issues in a medical claim, . . . unless:
 {¶ 37} (B)(1) Such person is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state;
 {¶ 38} (2) Such person devotes three-fourths of the person's professional time to the active clinical practice of medicine or surgery, osteopathic medicine and surgery, or podiatric medicine and surgery, or to its instruction in an accredited university;
 {¶ 39} (3) The person practices in the same or a substantially similar specialty as the defendant. The court shall not permit an expert in one medical specialty to testify against a health care provider in another medical specialty unless the expert shows both that the standards of care and practice in the two specialties are similar and that the expert has substantial familiarity between the specialties.
 {¶ 40} (4) If the person is certified in a specialty, the person must be certified by a board recognized by the American board of medical specialties or the American board of osteopathic specialties in a specialty having acknowledged expertise and training directly related to the particular health care matter at issue."
 {¶ 41} In order to be admissible the affidavit must comply with the Rules of Evidece. Evid. R. 601 (D) provides a person is qualified to testify except:
 {¶ 42} ((D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school. This division shall not prohibit other medical professionals who otherwise are competent to testify under these rules from giving expert testimony on the appropriate standard of care in their own profession in any claim asserted in any civil action against a physician, podiatrist, medical professional, or hospital arising out of the diagnosis, care, or treatment of any person.))
 {¶ 43} Evid. R. 702 provides:
 {¶ 44} "A witness may testify as an expert if all of the following apply:
 {¶ 45} The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 46} The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 47} The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 {¶ 48} The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 {¶ 49} The design of the procedure, test, or experiment reliably implements the theory;
 {¶ 50} The particular procedure, test, or experiment was conducted in a way that will yield an accurate result."
 {¶ 51} The appellant argues as a licensed physician Dr. Bugay is competent to testify about the appellee's ethical duties to his patient. This is probably true.
 {¶ 52} Dr. Bugay's affidavit goes far beyond outlining the ethical duty of a doctor to his or her patient. The affidavit gives an extensive recital of the surgery and its aftermath. It asserts appellee's failure to inform appellant his pre-cancerous area was not removed and caused a delay resulting in the area becoming cancerous. It concludes: "That in my opinion, the malpractice committed by Dr. Spangler in his treatment of Richard Young is as follows: 1. Failure to remove the identified pre-cancerous area to be removed . . ."
 {¶ 53} Dr. Bugay's testimony is the only evidence of malpractice appellant filed. The attached medical records depend upon the doctor's interpretation.
 {¶ 54} In order to establish appellee had a duty to inform appellant of the failure of the surgery, appellant must establish several things: 1. appellee did not removed the correct portion of the colon; 2. the portion of the colon he should have removed is the same portion that turned cancerous; and 3. appellee's conduct fell below the appropriate standard of care. Without these, there is nothing appellee failed to tell appellant.
 {¶ 55} Appellant alleges if appellee had informed him of the failure of the surgery, he would have sought further medical treatment. I would find appellant must demonstrate another physician could have located and removed the portion of colon appellee allegedly missed.
 {¶ 56} I would conclude Dr. Bugay's affidavit was insufficient as a matter of law, and I would affirm the trial court's decision.